IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RYDER T. CADENA-POWELL,

    Plaintiff,

vs.                                                            No. CIV 24-0698 JB/GBW

MICHELLE LUJAN-GRISHAM, Governor; I.
JACOBIO, United Manager; C. WILKEN,
Warden (GCCF); ALISHA TAFOYA, Director
of Department of Corrections,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff Ryder T. Cadena-Powell's failure to cure deficiencies in connection with his Prisoner Complaint for Violation of Civil Rights, filed July 9, 2024 (Doc. 1)("Complaint"). The Honorable Gregory Wormuth, Chief United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Cadena-Powell to provide a six-month inmate account statement, as 28 U.S.C. § 1915(a)(2) requires. See Order to Cure Deficiency, filed January 17, 2025 (Doc. 4)("Cure Order"). Because Cadena-Powell has not complied, and having reviewed applicable law and the record, the Court dismisses the Complaint without prejudice.

**BACKGROUND**

Cadena-Powell commences this case on July 9, 2024, by filing the Complaint, which asserts claims under 42 U.S.C. § 1983. See Complaint at 3. On that same date, Plaintiff files a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2)("IFP Motion"). The IFP Motion does not attach "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the

filing of the complaint." 28 U.S.C. § 1915(a)(2). Section 1915(a)(2) requires the six-month account statement in all cases where, as here, "[a] prisoner seek[s] to bring a civil action . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(2).

The Court referred the matter to Chief Magistrate Judge Wormuth for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed July 10, 2024 (Doc. 3). By the Cure Order entered January 17, 2025, Chief Magistrate Judge Wormuth directed Cadena-Powell to submit the six-month inmate account statement, as 28 U.S.C. § 1915(a)(2) requires, within thirty days. See Cure Order at 1. The Cure Order warns that the failure to comply timely with the Cure Order may result in dismissal of this case without further notice. See Cure Order at 1.

The deadline for Cadena-Powell to file a six-month inmate account statement was February 17, 2025. See Cure Order at 1. Cadena-Powell has not complied with the Cure Order, shown cause for the failure to comply, or otherwise responded to the Cure Order. The Court therefore considers whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face

dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162 (Court adds brackets). Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

Here, Cadena-Powell has not filed a six-month inmate account statement, as the Cure Order and 28 U.S.C. § 1915(a)(2) require. In light of this failure, the Court dismisses the Complaint pursuant to rule 41(b) for failure to prosecute and comply with rules and orders. See Olsen v. Mapes, 333 F.3d 1199 at 1204; Salazar v. Arapahoe Cty. Det. Facility, 787 Fed. App'x 542, 543 (10th Cir. 2019)(affirming dismissal where the plaintiff fails to provide a six-month "inmate

account statement or explain[] his failure to comply with the ordered deadline").[1]  After considering the factors in Nasious, the dismissal will be without prejudice.  The Court also denies Cadena-Powell's IFP Motion, which now is moot.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner Complaint for Violation of Civil Rights, filed July 9, 2024 (Doc. 1), is dismissed without prejudice; (ii) the Plaintiff's Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed July 9, 2024 (Doc. 2), is denied; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

Ryder T. Cadena-Powell
Santa Rosa, New Mexico

*Plaintiff pro se*

---

[1] The Court relies on Salazar v. Arapahoe County Detention Facility, 787 Fed. App'x 542 (10th Cir. 2019) to the extent its reasoned analysis is persuasive in the instant case.  See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that Salazar v. Arapahoe County Detention Facility has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Order.